UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BOBBY BERGER                                              CIVIL ACTION

VERSUS                                                    NO. 21-896

AMEC FOSTER WHEELER USA                                   SECTION "R" (2)
CORPORATION, ET AL.

## ORDER AND REASONS

Before the Court is plaintiff Bobby Berger's motion for a thirty-day extension of his discovery deadline to take the deposition of Bryan French.[1] Defendants Amec Foster Wheeler Kamtech, Inc. ("Amec")[2] and HKA Enterprises, LLC ("HKA")[3] oppose the motion. Trial in this matter is scheduled for April 4, 2022, with a pretrial conference scheduled for March 17, 2022.[4]

According to this Court's June 9, 2021 scheduling order, the parties were to complete discovery by Monday, February 7, 2022.[5] Any dispositive motions were also to be filed by February 7.[6] On Friday, February 4, 2022,

---

[1] R. Doc. 30.
[2] R. Doc. 33.
[3] R. Doc. 35.
[4] R. Doc. 12 at 7.
[5] *Id.* at 6.
[6] *Id.*

plaintiff moved for an extension of the discovery deadline to take the deposition of Bryan French, a former employee of defendant Amec.[7]

Plaintiff's counsel represents that French was identified in plaintiff's December 9, 2021 deposition as someone who was "directly involved in Plaintiff's firing."[8] On December 13, 2021, plaintiff's counsel reached out to Amec's counsel to ask about the location and contact information for these former employees.[9] Amec's counsel provided French's last known address on January 11, 2022.[10] On January 18, 2022, plaintiff's counsel sent a certified letter to Mr. French informing him that his deposition was necessary, and that if Mr. French failed to respond, plaintiff's counsel would subpoena him to appear.[11] The letter was delivered to French's address in North Carolina on January 25, 2022.[12] On February 1, 2022, plaintiff's counsel forwarded the return of service receipt to Amec, asking about counsel's availability for a deposition.[13] Amec's counsel objected to the deposition on the grounds that plaintiff's request was not timely.[14] Plaintiff's

---

[7] R. Doc. 30-1 at 1-2.
[8] R. Docs. 30 at 1 & 30-1 at 1.
[9] R. Doc. 30-2 at 5-6 (Exhibit A).
[10] *Id.* at 5.
[11] R. Doc. 33-1 at 1 (Exhibit A).
[12] R. Doc. 33-2 at 1 (Exhibit B).
[13] R. Doc. 30-2 at 1-2 (Exhibit A).
[14] *Id.* at 1.

counsel did not include defendant HKA's counsel in the correspondence concerning French's deposition or ask about counsel's availability to schedule the deposition.[15]

Defendants oppose plaintiff's motion. They assert that plaintiff's request to extend discovery, filed one business day before the close of discovery and the deadline for dispositive motions, is untimely and risks delaying the trial. Both defendants state that they are filing dispositive motions, and assert that they would be prejudiced if plaintiff asked Mr. French questions designed to create issues of material fact after the deadline for dispositive motions.[16] Moreover, defendants argue that plaintiff has provided insufficient justification for his delay in waiting to extend the discovery deadline, and for his delay in attempting to depose Mr. French, whose relevance to this case was known by plaintiff and his counsel since as early as October 1, 2021.[17] Defendant Amec also notes that plaintiff's counsel "chose to wait another week before sending a letter [to French] by U.S. mail, rather than overnight delivery, and has never prepared a notice or a subpoena."[18]

---

[15]  R. Doc. 35 at 3.
[16]  *Id.* at 2-3; *see also* R. Doc. 33 at 1-2.
[17]  R. Doc. 33 at 2.
[18]  *Id.*

"When an act may or must be done within a specified time, the court may, for good cause, extend the time." Fed. R. Civ. P. 6(b)(1). Here, the Court does not find good cause to continue the discovery deadline. Plaintiff has known about Mr. French and his connection to plaintiff's termination since before this case was filed, and certainly before the close of discovery. Plaintiff has also been aware of his discovery deadline for months, but failed to take the appropriate steps to obtain French's deposition within the deadline, or to move for an extension of that deadline at any point before this last-minute request. The Court thus finds that granting plaintiff's eleventh-hour motion to extend the discovery deadline would unduly prejudice the parties, in light of the deadlines set out in the longstanding scheduling order.

Accordingly, the Court DENIES plaintiff's motion.[19] All deadlines remain as scheduled in this Court's June 9, 2021 scheduling order,[20] unless continued by the Court upon motion for good cause shown.

New Orleans, Louisiana, this __8th__ day of February, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[19]   R. Doc. 37.
[20]   R. Doc. 12.

4